The opinion of the Court was delivered by
Gibson J.
The intestate left five daughters and four sons, besides three grand-children, to wit, two daughters and a son, the children of Michael Brenneman, who died in the lifetime of his father, the intestate. On a petition to the Orphans’ Court for partition of the estate, the inquest divided it into four purparts; on which the guardian of the three grand-children claimed priority of right as to taking one of the purparts at the appraisement. This was resisted by the two eldest sons, who contended that the right of choice was in them; and of this opinion was the Court, who confirmed to them the purparts which they selected : so that the question is, whether the children of a son who died in the lifetime of the intestate, succeeds as well to the personal right of priority of choice which their father would have had if he had survived the intestate, as to the share of then-father to which they are entitled under the third section of the act of 1794. The twenty-second section of that act, which is the one under which the present question arises, was taken from the third and fourth sections of the act of 1764, and is not only substantially the same as those sections, but pursues them, for the most part, word for word. In Walton v. Willis,(a) those sections received a construction which on the present occasion we are unwilling to depart from, particularly as we are of opinion, that the slight differences that exist between the sections alluded to, do not in any respect affect the question before us. The difference of phraseology between the words “ heir at law,” and eldest son,” can have no effect; for those terms have evidently the same meaning.. Now the last proviso of the twenty second section of the act of 1794, which is wanting in the act of 1764, merely provides for division among a less number than all the children, *4 wf,ere cann°í be accommodated ; but each purpart is attended with the same incidents as the whole would be, in case it were found incapable of any division. It is said, that the right of deriving an interest in the estate, which depends on the third section of the act, is different from the right of priority of choice, depending on the twenty-second section, which is silent with respect to grand-children; but that objection might have been urged with the same force in Walton v. Willis. But if such rigidity of construction were to prevail, it would prevent grand-children from petitioning the Court to award an inquest, and their right as to that, I believe, was never doubted. Although not within the words, they are so entirely within the equity of the act, which intended to invest them with all the interest and privileges which their father could, if he hqjl survived the intestate, have claimed., that we cannot hesitate. That the ownership of the interest carries with it every incident which would have attached to it in the hands of the person represented., was decided in Kline v. Grayson, 4 Binn. 225. Why should it not do so here? A contrary decision would, doubtless, have the effect of disturbing many titles; a result we are ever solicitous to avoid. The decree of the Orphans’ Court must, therefore, be reversed, and the record remitted, for the purpose of enabling that Court to give the grand-children the joint benefit of the priority of choice to which they are entitled.
Decree reversed*

 1 Dall. Rep. 351.