Per Curiam.
This is an ejectment for a tract of land in Columbia county, brought to Jlpril Term, 1800. The demise was laid, in the declaration, as commencing on the 20th March, 1803, and to continue for ton years. The action was depending until the year 1822, when the attorney for the plaintiff moved the court for leave to amend the declaration by enlarging the time, for 30 years from the 20th March, 1800. The court, conceiving that the amendment was a matter resting in their discretion, refused to allow it, and that is the error complained of.
It has been decided by this court, that in cases where an amendment is given by the act of 21st March, 1806, the right to the amendment is positive. The cases in which an amendment is given, are, where in consequence of some defect in form, the party is precluded from a trial of his cause on its merits. In the present instance, the question on the merits, was, whether the plaintiff had good title to the lands in dispute — if he had, he was entitled to the recovery of them. But as the declaration stood, there could be no recovery of the land, because from the plaintiff’s own showing his title had expired. Was this matter of form or not? Undoubtedly it was matter of mere form; because the demise is altogether a fiction, and may be laid just as the plaintiff chooses. It is our opinion therefore, that the plaintiff was entitled to his amendment, and the Court of Common Pleas had no' power to refuse it. The judgment is to be reversed^ and the record sent down, with direction to the Court of Common Pleas to permit the amendment to be made, and then proceed to the trial of the cause.
Judgment reversed, and record sent down, with directions to the court of Common Pleas to permit the amendment to be made, and then proceed to the trial of the cause.