## Grant, Appellant, *v.* Carpenters' District Council of Pittsburgh and Vicinity.

Argued April 9, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*Harold L. Rothman,* with him *Walter L. Dipple* and *H. Lee Ratner,* for appellant.

*John H. Lauer,* with him *J. Paull Fife,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, May 25, 1936:

The controlling question in this case is whether Carpenters' District Council of Pittsburgh and Vicinity, an unincorporated association, can be sued *eo nomine* in an action of trespass to recover damages for personal injuries inflicted on the plaintiff by an agent of the association while driving an automobile, title to which was in its name. The writ was served on the secretary-treasurer of the association. The court below entered a nonsuit on the ground that the action cannot be maintained under our rulings. From the refusal to take off the nonsuit we have this appeal by plaintiff.

While it is true that the Supreme Court of the United States in *United Mine Workers v. Coronado Co.,* 259 U. S. 344, decided that actions against unincorporated associations *eo nomine* are maintainable, our rulings have been to the contrary. Thus in *Maisch v. Order of Americus,* 223 Pa. 199, where suit was brought against the defendant as a corporation, and where it developed that it was not incorporated and leave was obtained in

the court below to amend by styling it "an unincorporated fraternal beneficial society," we said (page 200) : "The amendment was improperly allowed. There was no such legal entity as 'Order of Americus,' and therefore no party defendant, no case before the court, and nothing to amend. . . . Such an association is not recognized as having a legal existence apart from its members, and it could not therefore be made a party defendant. There is no such entity known to the law as an unincorporated association." The principle was adverted to in *Taylor v. Order of Sparta*, 254 Pa. 556, and reaffirmed in *Oster v. Brotherhood of Locomotive Firemen and Enginemen*, 271 Pa. 419. See also *Wolfe v. Limestone Council*, 233 Pa. 357; *McConnell v. Apollo Savings Bank*, 146 Pa. 79.

When the case was called for trial, plaintiff's counsel endeavored to amend by adding the names of certain trustees and other officers of the association. This was after the statute of limitations had run. The court refused to permit the amendment. There was no error in this. Amendments to bring in new parties cannot be made after the statute has run : *Girardi v. Laquin Lumber Co.*, 232 Pa. 1; *McGinnis v. Valvoline Oil Works*, 251 Pa. 407; *Lehigh Nat. Bank v. Seyfried*, 283 Pa. 1, 4.

It is argued that, because a general appearance was entered for the association named as defendant, the action should proceed. "By its very terms an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent": *Thompson v. Peck*, 320 Pa. 27. In the present case, there was no legal entity before the court, no party defendant for whom an appearance could be entered. For the same reason failure to raise the jurisdictional question by petition under the Act of March 5, 1925, P. L. 23, 12 PS section 672, is of no consequence.

The judgment is affirmed.