## Drobny v. Trustees of F. H. Buhl Club

*David Goodwin,* for plaintiff.

*Cyril T. Garvey,* for defendant.

McKAY, J. June 28, 1956.—This matter is before the court en banc upon rules to show cause why a discontinuance of the above entitled action should not be stricken from the record and why James E. Hoffman, Jr., administrator of the state of Daniel Stephen Drobny, deceased, should not be substituted as a party plaintiff in place of John Drobny who was the administrator when the action was commenced.

At the argument, it developed that there were not sufficient facts of record for the court to dispose of the rules. Accordingly, the parties filed a stipulation which, together with admissions contained in the an-

swers, and inferences to be drawn from both, formed the basis for the findings . . .

## Discussion

The question here is: When a plaintiff discontinues an action against an unincorporated association for the mere purpose of instituting another suit based upon the same cause of action in a different forum against the individual persons who constitute the association, should the court strike off the discontinuance?

Under the Pennsylvania Rules of Civil Procedure, as under the practice prior thereto, the entering of discontinuances by a plaintiff is subject to the control of the court. While a discontinuance is often entered without prior court approval, except in those instances where such approval is expressly required by the rules, the court may always, upon motion or petition, exercise its control by striking off the discontinuance upon equitable grounds.

Rule 229 (c) provides in this respect as follows:

"The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights *of any party* from unreasonable inconvenience, vexation, harassment, expense, or prejudice." (Italics supplied.)

Applying that rule to the present case we would say that, if the parties to the Mercer County suit and the United States District Court action were the same, we would have no difficulty in holding that the discontinuance of the former action should be stricken off.

It is clear that the discontinuing of the Mercer County action merely for the purpose of instituting an identical one in Federal court would amount to "unreasonable inconvenience, vexation, harassment, expense and prejudice 'to the defendant'." Such a move has been expressly held to require that a discon-

tinuance be stricken off: Pollock v. Hall, 3 Yeates 42; Shapiro v. Philadelphia, 306 Pa. 216 (1931); Adam Hat Stores, Inc., v. Lefco, 317 Pa. 442 (1935); Brown v. T. W. Phillips Gas and Oil Co., 365 Pa. 155 (1950).

So far as plaintiffs are concerned, there can be no doubt that plaintiff is the same in both cases, viz., the administrator of the estate of the deceased Drobny child.

The office of administrator of an estate is a continuing one, and by the mere act of resigning and causing another person to be appointed administrator in his place, the father of the deceased minor did not change plaintiff in the action which he had brought.

On the other hand, defendants in the two actions are different. In the Mercer County action, defendant is "Trustees of the F. H. Buhl Club, Sharon, Pennsylvania, a *Charitable Asociation*." The complaint in that action alleges that defendants *is* "The Trustees of the F. H. Buhl Club, Sharon, Pennsylvania, a Charitable Association with *its* principal office at 19 Vine Street, Sharon, Mercer County, Pennsylvania." Throughout the complaint defendant is repeatedly referred to in the singular person.

Prior to the rules of civil procedure, an action could not be maintained against an unincorporated association in its own name: Grant v. Carpenters' District Council, 322 Pa. 62 (1936).

Under the rules, however, a plaintiff may sue such an association, in which case his judgment is collectible only from the funds of the association; he may sue the individual members of the association, or he may sue the association and join one or more members as defendants.

Rule 2151 defines an association as an "unincorporated association conducting any business or engaging in any activity of any nature whether for profit or otherwise under a common name, but does

not mean an incorporated association, general partnership, limited partnership, registered partnership, partnership association, joint stock company or similar association."

Rule 2153 is as follows:

"Actions Against Associations.

"(a) In an action prosecuted against an association it shall be sufficient to name as defendant either the association by its name, whether the same is registered, filed or not, or any officer of the association as trustee ad litem for such association in the manner prescribed by Rule 2152.

"(b) If a plaintiff prosecutes an action against an association in the association name only, the association may prosecute any setoff, counterclaim or cross-action in its association name.

"(c) In addition to the parties defendant permitted by subdivision (a) of this rule, the plaintiff may join as parties defendant one or more members of such association in their individual capacity, including members already named as trustees ad litem, for the purpose of enforcing any individual liability of such members upon the cause of action sued upon."

In the Mercer County action, plaintiff did not see fit to sue any of the members or to join any individuals as defendants. Instead he proceeded solely against the association as such referring to it as a "Charitable Association." Apparently he recognized the difficulty of holding a charitable association liable for the torts of its servants, and assumed that if defendant were insured against liability, it lost its immunity. This is apparent from the seventh paragraph of the complaint which reads: "that said defendant had in force and effect on the fourth day of August, 1954, a policy of insurance insuring said defendant against liability for the personal injury or death of any person using the said swimming pool." Incidentally it may be noted

that this assumption was incorrect: Kesman v. Fallow-field Township School District, 345 Pa. 457 (1942).

Therefore the action in Mercer County against the association as an entity is a different action than the one in the United States court against the nine individuals named as defendants there.

Since the two suits are different, and the association is not a defendant in the Federal court action, the association was not being subjected to "unreasonable inconvenience, vexation, harassment, expense, or prejudice" by the discontinuance here at issue. Even if plaintiff is successful in the Federal court proceeding, the association's funds will not be subject to execution upon any judgment obtained in that forum. The association is not required to incur expense to defend that action for it is not being sued.

The situation is simply one where a plaintiff sues two different defendants, one in one forum and the second in another. We do not see why he does not have the right to bring his suit against the second defendant before whatever appropriate tribunal he chooses, nor how the first defendant can be harmed in any manner by a discontinuance of the action against it. If plaintiff later joins the association in the Federal court action, a different decision might be required. As the facts now exist, however, the discontinuance has not harmed the association.

If the present petition to strike off the discontinuance in the Mercer County case had been presented by the nine individuals named as defendants in the Federal court case, we would be required to consider whether interests of those individuals were involved in the Mercer County suit and, if so, whether the rights of persons other than parties are entitled to the protection of the court in view of the wording of rule 229 (c) referring only to the rights of parties to the action. The petition was presented, however, by the associa-

tion as such and it was sworn to by the secretary-treasurer as an officer of the association. Therefore, we have no question before us except whether the discontinuance has harmed the association.

For the above reasons, the rule to strike off the discontinuance should be discharged. Since the original case has been discontinued, there is no reason to substitute the new administrator for the original one, and the rule for that purpose must also be discharged.

## Order

And now, June 28, 1956, the rule to strike off a discontinuance in the above-entitled case is discharged.

## Exception

And now, June 28, 1956, to the foregoing order of the court counsel for defendant excepts, and, eo die, a bill of exceptions is sealed for defendant.

## Order

And now, June 28, 1956, the rule to substitute James E. Hoffman, Jr., administrator of the Estate of Daniel Stephen Drobny, deceased, for John Drobny, administrator, is discharged.

## Exception

And now, June 28, 1956, to the foregoing order of the court counsel for defendant excepts, and, eo die, a bill of exceptions is sealed for defendant.

## Opinion

McKAY, J., February 15, 1957.—On July 2, 1955, John Drobny, administrator of the estate of Daniel Stephen Drobny, filed a complaint in trespass in the Court of Common Pleas of Mercer County at the above number and term for damages resulting from the death of his son on August 4, 1954, by drowning in the swimming pool operated by defendant at Buhl Farm in Hickory Township.

Defendant named in the suit is "Trustees of the F. H. Buhl Club, Sharon, Pennsylvania, a Charitable Association". On December 5, 1955, the action was discontinued without notice to defendant.

On December 8, 1955, defendant association filed a petition to strike off the discontinuance under Pa. R. C. P. 229 (c) on the ground that it would be subjected to "unreasonable inconvenience and vexation, harassment, expense and prejudice" if the discontinuance were allowed to stand inasmuch as an Ohio resident, James E. Hoffman, had been named successor administrator of the Drobny estate and intended to file another suit against it in the Federal District Court at Pittsburgh on the same cause of action.[1]

While the petition to strike off the discontinuance was pending, the Federal court action to which the petition alluded was filed on January 4, 1956. That action, however, named as defendant not the association which was defendant in the Mercer County suit, but the nine individuals who comprise the association.[2] In the complaint in the Federal court action, no reference is made to the association as such nor to the fact that defendants are trustees.[3]

On June 28, 1956, we entered an order dismissing the association's petition to strike off the discontin-

---

[1] Rule 229 (c) provides: "The court upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice."

[2] The suit in the Federal court is entitled, James E. Hoffman, Jr., administrator of the estate of Daniel Stephen Drobny, deceased, v. Glenn Carley, Henry P. Forker, Jr., Louis J. Wiesen, Henry P. Forker, 3rd, Thomas H. Armstrong, Isabel G. Forker, Harry B. McDowell, Jr., Eleanor Whitla and Ellen M. Marshall, being civil action no. 14156 in the United States District Court for the Western District of Pennsylvania.

[3] The complaint alleges that defendants owned and managed the swimming pool in which the decedent drowned and their negligence was the cause of the drowning.

uance of the Mercer County action, holding that defendant association could not be prejudiced or otherwise detrimentally affected by the discontinuance of the Mercer County suit and the subsequent filing of the Federal court action because the latter was directed against not the association, but the individuals who constituted the association.

The individual defendants in the Federal court action have now filed a petition to strike off the discontinuance of December 5, 1955, on the ground that they are unreasonably inconvenienced, etc., by the discontinuance of the Mercer County suit and the filing of the Federal court action. This petition is now before the court for disposition.

There can be no question that the present petitioners are subjected to unreasonable inconvenience, vexation, harassment, expense and prejudice by the discontinuance of the Mercer County suit, followed by the instituting of the Federal court action in a more distant forum.

The difficulty with their position is that they are not parties to the Mercer County action. According to rule 229(c), only persons who are parties to an action have a standing to object to the discontinuance of a suit in which they are interested. Not only is the Mercer County suit directed against an entirely different defendant than petitioners, but the latter are not even interested indirectly in the suit.

Although both actions, the Mercer County action and the Federal court action, grow out of the same facts, viz., the drowning of the Drobny boy, the former action is founded upon the liability of the association for the negligence of its servants, whereas the latter is based upon the alleged negligence of the trustees as individuals or of their servants. If the Mercer County action were reinstated and prosecuted successfully to final judgment, execution thereon would be limited to

the assets of the association. While the individual members of the association could have been joined as defendants in the Mercer County action, they were not joined.[4] Therefore, that action could not impose any individual liability upon them.

The second action, whether instituted in the Mercer County court or in the Federal court, is an independent action instituted against petitioners as individual defendants and, in our opinion, is entirely separate and distinct from the Mercer County proceeding. Hence, its pendency would not constitute a bar to a proceeding in the Federal district court because the actions are separate and distinct and are against different defendants.

Accordingly, the present petition to strike off the discontinuance heretofore entered should be dismissed.

### Order

Now, February 15, 1957, the rule entered upon the petition of Glenn Carley, Henry P. Forker, Jr., Louis J. Wiesen, Henry P. Forker, 3rd, Thomas H. Armstrong, Isabel G. Forker, Harry B. McDowell, Jr., Eleanor Whitla and Ellen M. Marshall to show cause why the discontinuance of the above entitled suit entered December 5, 1955, should not be stricken from the record is discharged and the petition is dismissed.

### Exception

And now, February 15, 1957, to the foregoing order of court, counsel for defendant excepts and, eo die, a bill of exceptions is entered for defendant.

---

[4] Such joinder is permitted by Pa. R. C. P. 2153(c) which reads: "In addition to the parties defendant permitted by subdivision (a) of this rule, (i. e. either the association by its name or by an officer as trustee ad litem for it) the plaintiff may join as parties defendant one or more members of such association in their individual capacity, including members already named as trustees ad litem, for the purpose of enforcing any individual liability of such members upon the cause of action sued upon."