**Casner v. Fisher**

**2**

*Horace J. Culbertson,* for plaintiff.
*Robert Siegel,* of *Siegel & Siegel,* for defendant.

LEHMAN, P. J., March 25, 1960.—This is an action in trespass arising out of a major vehicle collision in Mifflin County whereby an automobile driven by Carl L. Casner, plaintiff's decedent, collided with the automobile operated by Cyril J. Fisher, defendant's decedent. The collision took place February 8, 1952, and resulted in the deaths of both operators on the day of the accident.

The following is a chronological list of events and pleadings:

February 8, 1952—Accident and deaths of Casner and Fisher, operators of the two vehicles.

February 12, 1952—Letters of administration issued by Register of Wills of Huntingdon County, to Margaret S. Fisher, administratrix of the estate of Cyril J. Fisher, deceased.

February 7, 1953—Praecipe filed by plaintiff for writ of summons in trespass against "Estate of C. J. Fisher."

February 26, 1953—Writ of summons in trespass served "upon Margaret S. Fisher, Administratrix of the Estate of C. J. Fisher, defendant."

June 9, 1958—Complaint filed giving name of defendant as "Cyril J. Fisher Estate, Mary S. Fisher, Administratrix."

July 20, 1958—"Corrected copy" of complaint filed giving name of defendant as "Cyril J. Fisher Estate, Margaret S. Fisher, Administratrix."

June 27, 1958—Complaint and "corrected copy" of complaint served on "Margaret S. Fisher, Administratrix of the Estate of C. J. Fisher, defendant."

July 11, 1958—Appearance de bene esse entered by counsel for defendant, specifically stating said appearance was without admitting the jurisdiction of the court or the existence of defendant as a proper party to the suit.

July 11, 1958—Defendant's preliminary objections filed to complaint and "corrected copy" of complaint.

July 11, 1958—Defendant's petition for nonpros filed and rule thereon to show cause awarded.

April 6, 1959—Plaintiff's petition to amend or correct the names of parties.

April 6, 1959—Plaintiff's answer filed to defendant's rule to show cause.

The questions before us are:

1. Was the trespass suit brought against "Estate of C. J. Fisher", without naming the personal representative of decedent, properly instituted against a legally existing party?

2. Where a suit in trespass to recover for wrongful death and a survival action is brought against "Estate of C. J. Fisher", may the name of the personal representative of decedent be added as a party defendant after the statute of limitations has run?

Defendant's preliminary objections to both the complaint and "corrected copy" of complaint alleged, inter alia, as follows:

"2. That there is no such legal entity as the 'C. J. FISHER ESTATE', and the suit is, therefore, improperly brought against a party which is not legally existing or may be made the party to an action.

"3. That there is no legal entity as the 'CYRIL J. FISHER ESTATE, MARY S. FISHER, ADMINISTRATRIX' for the reason that the Administratrix of the CYRIL J. FISHER Estate is not MARY S. FISHER."

Defendant's preliminary objections to the "corrected copy" of complaint also contained the aforesaid objections and an additional objection as follows:

"4. That the addition of the name 'MARY S. FISHER, ADMINISTRATRIX' to the Complaint filed on June 9, 1958, and the name 'MARGARET S. FISHER, ADMINISTRATRIX' to the 'CORRECTED COPY' of the Complaint filed on June 20th, 1958, constitute amendments which were not allowed by the Court and were filed beyond the period of the Statute of Limitations and are, therefore, not proper or legally permissible."

Defendant's petition for a judgment of nonpros alleged defendant has been prejudiced by reason of the delay of more than six years after date of accident in plaintiff's filing her complaint and "corrected copy" of complaint in that witnesses necessary to defendant were no longer available and that plaintiff's action is barred by laches.

Nine months thereafter plaintiff filed her answer to defendant's petition and rule to show cause why a judgment of nonpros should not be entered and at the same time presented a petition for leave "to amend or correct" the name of defendant to read: "Margaret S. Fisher, Administratrix of the Estate of Cyril J. Fisher."

Article VI, sec. 603, of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §20.603, provides as follows:

"An action or proceeding to enforce any right or liability which survives a decedent may be brought by

or against his personal representative alone or with other parties as though the decedent were alive."

The present action, being an action which survived decedent, might properly have been brought against the personal representative of decedent, Cyril J. Fisher, under the provision of the above section. On the contrary, it was instituted against "Estate of Cyril J. Fisher". At common law, all causes of action by or against a person terminated and abated upon such person's death: Johnson v. Peoples First National Bank and Trust Co., 394 Pa. 116, 123, 145 A. 2d 716, 719. Consequently, no right of action can be maintained unless there is compliance with the statute granting the right.

Furthermore, the principle of law is well established that suit can only be brought against a "legally existing person". In the case of Thompson v. Peck, 320 Pa. 27, 30, 181 Atl. 597, the Pennsylvania Supreme Court laid down this basic rule:

"It is fundamental that an action at law requires a person or entity which has the right to bring the action, and a person or entity against which the action can be maintained. By its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent. A dead man cannot be a party to an action [citing cases], and any such attempted proceeding is completely void and of no effect."

In Powell Estate, 80 Pa. Superior Ct. 585, 586, an appeal was taken in the name of the "Estate of W. L. Powell". The Superior Court speaking through Trexler, J., stated:

"There are three parties who may maintain actions; natural persons, artificial persons or corporations, and partnerships. In order to be a proper party to an appeal, the appellant must come within one or

more of these three classes and if he does not, it is a nullity. *There is no such legal entity as an 'estate', 'It is a convenient phrase sometimes to identify the subject of litigation in the orphans' court, and in proceedings in rem it may be treated as harmless superfluity, but as a designation of a party to be served with a writ it is unknown to the law'*: Jones v. Beale, 217 Pa. 182. See also Phila. v. Peters, 57 Pa. Superior Ct. 275. *It cannot be made the plaintiff in an action as it is not a person and cannot sue or be sued. We have, therefore, no proper party before us."* (Italics supplied.)

In Jones v. Beale, 217 Pa. 182, 189, 66 Atl. 254, Mr. Chief Justice Mitchell held that there was no such legal entity as an "estate". He pointed out that it is a convenient phrase sometimes used to identify the subject of litigation in an orphans' court and in proceedings in rem it may be treated as a harmless superfluity, *"but as a designation of a party to be served with a writ it is unknown to the law."* (Italics supplied.)

In this case, the court held that the acceptance of service of a writ issued against "the estate of Louisa E. Robeson, dec'd, Samuel L. Robeson, Adm." and others by an "attorney for defendants" was not proper because "there could be no acceptance of service for her. There could be none for her 'estate', as there is no such legal entity": page 188.

What was said in the above case is equally applicable to the instant case. The sheriff's return showing service of the writ of summons in trespass "upon Margaret S. Fisher, Administratrix of the Estate of C. J. Fisher, defendant", cannot cure the failure to name a legal entity as defendant. Consequently, the service upon the personal representative was void because there could be no service upon the "estate".

In Neel v. Grosskettler, 42 Schuyl. 86, an action in assumpsit was instituted against two defendants, each of whom was deceased. Judge Palmer held that the

suit could not be maintained and entered judgment in favor of defendants, relying on the principle laid down in Appeal of Estate of W. L. Powell, supra. It is significant to note that in this case, the court was asked to allow an amendment substituting the personal representatives. However, the court held that it would not permit such an amendment and sustained the affidavits of defense filed by counsel for defendants raising questions of law.

Similarly, in the case of The Pennsylvania Co. v. Maitin, 49 D. & C. 90, a proceeding under the Deficiency Judgments Act of July 16, 1941, P. L. 400, 12 PS §2621.1 et seq., plaintiff named decedent as defendant. Defendant's executor was not named in the proceeding. Subsequently, plaintiff filed with the prothonotary a suggestion of the death of defendant and the substitution of his executor. Counsel for defendant petitioned to strike off the suggestion of death and to vacate the decree. The court held that plaintiff's failure to name the executor of the deceased defendant in the first instance was his own error, since he had knowledge of the death of defendant. The court further held that the proceedings were a nullity since it was an action directed against a dead person as such. The suggestion filed nearly six months later was an attempt by amendment of the petition to revise something that was already dead.

In the instant case, the action was brought against a nonentity. "Estate of C. J. Fisher" was neither a person nor an entity. Consequently, the action was instituted against something that had no legal existence and was a nullity.

The complaint and "corrected copy" of complaint assert two causes of action, viz., damages under the Wrongful Death Acts of April 15, 1851, P. L. 669, sec. 19, 12 PS §1601, and April 26, 1855, P. L. 309,

as amended, 12 PS §§1602, 1603, have a one-year limitation from date of death to institution of suit. The Fiduciaries Act of April 18, 1949, P. L. 512, art. VI, sec. 601, 20 PS §320.601, permits the personal representative of the deceased to institute an action which the deceased had a right to file. The Acts of March 27, 1713, 1 Sm. L. 76, and June 24, 1895, P. L. 236, sec. 2, 12 PS §§31, 34, provided that an action must be brought "within two years from the time when the injury was done and not thereafter": Stegner v. Fenton, 351 Pa. 292, 40 A. 2d 473. Accordingly, plaintiff had one year from February 8, 1952, the date of death of Carl L. Casner, in which to institute an action for his alleged wrongful death and, at most, two years from February 8, 1952, to file a survival action. It is not necessary for us to decide whether section 613 of the Fiduciaries Act of 1949, 20 PS §320.613, limited the survival cause of action to one year or extended it to two years as later provided by the amending Act of February 23, 1956, P. L. 1084, sec. 4.

When plaintiff sought to amend the name of defendant, "Estate of Cyril J. Fisher", to Margaret S. Fisher, administratrix of the estate of Cyril J. Fisher, deceased, the proposed amendment had the effect of bringing in a new party after the running of the statute of limitations, which will not be permitted. In addition thereto, there can be no amendment when there is nothing to amend: Thompson v. Peck, supra.

Counsel for defendant contends that Pa. R. C. P. 1033 gives the court discretion at any time to permit plaintiff to "correct the name" of a party and that Pa. R. C. P. 126 calls for a liberal construction of this and other rules.

These rules provide as follows:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form

of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. . .": Pa. R. C. P. 1033.

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties": Pa. R. C. P. 126.

These rules presuppose that a legal party is properly before the court. You cannot correct the name of a party that has no legal existence, after the statute of limitations has run. Where the action is void there can be no correction of name of a party because to permit a correction would amount to adding a new party after the statute had run, and this, as we have noted, cannot be permitted.

For the same reason, Pa. R. C. P. 2352 is not applicable. This rule relating to substitution of successor provides:

"(a) The successor may become a party to a pending action by filing of record a statement of the material facts on which the right to substitution is based.

"(b) If the successor does not voluntarily become a party, the prothonotary, upon praecipe of an adverse party setting forth the material facts shall enter a rule upon the successor to show cause why he should not be substituted as a party."

In Gilbert v. Thomson, 7 D. & C. 2d 593, 594, an action in trespass was instituted by the filing of a complaint on November 9, 1953, one day before the claim would have been tolled by the statute of limitations. One of defendants died on November 16, 1953,

before service of the complaint was made upon him or accepted by him or in his behalf. Counsel for plaintiff later filed a suggestion of death and of the granting of letters of administration in his estate. A rule was entered to show cause why the administrators should not be substituted as the party defendants. Judge Forrest of the Court of Common Pleas of Montgomery County held that the personal representative of an estate of a deceased person named as defendant would not be ordered substituted as a party defendant under Pa. R. C. P. 2352 which permits the substitution of an executor where decedent died prior to being served with the complaint. The court held that since decedent never became a party to the action, his personal representative could not be a "successor" within the meaning of the rule.

Judge Forrest stated: " 'Successor' is defined by Pa. R. C. P. 2351 as 'anyone who by operation of law, election or appointment has succeeded to the interest or office of a *party to an action.*' " (Italics supplied.)

The court held that inasmuch as the suit had not been brought against a proper party who is legally recognized as existing by law, the suit was not properly brought, and judgment must be entered against plaintiff and in favor of defendant. In the instant case, when the suit was instituted against the "ESTATE OF C. J. FISHER", it was as though the suit was being instituted against "C. J. FISHER, DECEASED", for this was the meaning of the designation "ESTATE OF". On its face, the suit was instituted against a dead person, a legally nonexistent party. There was no one legally competent to appear in this suit and to defend it when the suit was brought against a party that did not exist, and this is the rationale of the courts in holding that a suit must be brought against a party defendant who is legally

recognized as existing. In situations of this kind, liability is sought to be imposed upon the personal representative and not upon decedent, and for this reason the personal representative should be named as the party, whereas where a suit is brought against an "Estate", there is no personal representative upon whom liability is to be imposed, but merely decedent himself.

A somewhat parallel situation arose in the case of Grant v. Carpenters' District Council of Pittsburgh and Vicinity, 322 Pa. 62, 185 Atl. 273, in which a suit was brought against an unincorporated association. The writ was served upon the secretary-treasurer of the association and a general appearance entered for the association. Our Supreme Court held that the unincorporated association was not recognized in Pennsylvania as having a legal existence apart from its members and could, therefore, not be made a party defendant because there was no such entity known to the law as an unincorporated association. In this case, the court below entered a compulsory nonsuit on the ground that the action could not be maintained, and this was sustained by the higher court. The Supreme Court held that there was no legal entity before the court and no party defendant for whom an appearance could be entered. The court quoted from Thompson v. Peck, supra.

The cases cited by counsel for plaintiff support the principle of law that where a party is properly before the court or defendant or his counsel had misrepresented defendant's identity prior to suit, an amendment in name may be allowed. We must distinguish between correction of the name under which the right party was sued and the attempt to bring in a new party after the statute has run. If the effect of the amendment is to correct the name under which the right party is sued, it will be allowed; if it is to bring

in a new party, it will be refused: Wright v. Eureka Tempered Copper Company, 206 Pa. 274, 55 Atl. 978; Girardi v. Laquin Lumber Company, 232 Pa. 1, 81 Atl. 63; Tonge v. Item Publishing Company, 244 Pa. 417, 91 Atl. 229. In the instant case, as we have observed, plaintiff sought to bring in a new party after the statute had run. Nor was there any misrepresentation by defendant or her counsel as to defendant's identity.

In conclusion, we may summarize that plaintiff's suit is defective and cannot be maintained for the following reasons: (1) It is not in accord with section 603 of the Fiduciaries Act of 1949 in that it was not brought against defendant decedent's personal representative; and (2) it was not brought against a legally existing person. Amendment is of no avail because: (1) It would have the effect of bringing in a new party after the running of the statute of limitations; and (2) there can be no amendment when there is nothing in existence to amend.

For the above reasons, we must sustain the above enumerated defendant's preliminary objections. It is therefore unnecessary for us to consider defendant's petition and rule to show cause why a judgment of nonpros should not be entered because of the delay in filing the complaint and "corrected copy" of complaint. We, accordingly, enter the following

### Decree

And now, March 25, 1960, defendant's preliminary objections 2 and 3 to plaintiff's complaint and objections 2, 3 and 4 to the "corrected copy" of complaint are sustained and judgment is entered in favor of defendant and against plaintiff. Plaintiff's petition to amend or correct the name of defendant is refused. Exception is noted to Horace J. Culbertson, Esq., counsel for plaintiff.