## Volk Estate

*Edward J. Marcantonio*, for accountant.

KLEIN, P. J., December 22, 1965.—Francis J. G. Volk died on May 8, 1964, intestate and unmarried, having been divorced from his wife, leaving to survive him as his sole heir-at-law and next of kin a son, Robert Volk, who is entitled to his entire estate. Letters of administration were granted on September 2, 1964, and proof of advertisement of notice thereof was produced to the auditing judge . . .

The statement of proposed distribution recites that "the only question for determination by the Court is with reference to a Judgment obtained against the decedent upon which damages were not assessed". The judgment is stated to have been based on an action brought by Kenneth Smith, a minor, by his parent and natural guardian, Sidney Smith, in his own right v.

Francis J. G. Volk, decedent, in the County Court of Philadelphia, March term, 1965, no. 14424D. A default judgment is stated to have been obtained on or about September 1, 1965, by plaintiffs against decedent, Francis J. G. Volk.

The statement of proposed distribution recites that administratrix takes the position that the judgment is invalid and should be stricken, because suit was started by writ of summons in trespass on May 10, 1965, against decedent, who died on May 8, 1964. The accident upon which suit was based is stated to have occurred on May 12, 1963. Letters of administration on decedent's estate were granted on September 2, 1964, and the grant of letters was first advertised on September 8, 1964. The default judgment obtained against decedent was obtained after the two-year statute of limitations had expired for the commencement of personal injury actions.

Section 603 of the Fiduciaries Act of April 18, 1949, P. L. 512, provides:

"An action or proceeding to enforce any right or liability which survives a decedent may be brought by or against his personal representative alone or with other parties as though the decedent were alive".

A similar situation existed in Thompson v. Peck, 320 Pa. 27 (1935), in which an action in trespass was instituted against defendant, after he had died, for personal injuries alleged to have been suffered by a minor. Mr. Justice Drew stated, at page 30:

"Plaintiffs contend that the commencement of suit against decedent on September 20, 1934, was a sufficient compliance with the statute. Not only do the terms of the act warrant no such construction, but it is also apparent that plaintiffs' reasoning is entirely fallacious. It is fundamental that an action at law requires a person or entity which has the right to bring the action, and a person or entity against which the action

can be maintained. By its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent. A dead man cannot be a party to an action (see Campbell v. Galbreath, 5 Watts 423, 428; Sandback v. Quigley, 8 Watts 460, 463; Patterson v. Brindle, 9 Watts 98, 100; Hurst v. Fisher, 1 W. & S. 438), and any such attempted proceeding is completely void and of no effect: Brooks v. B. & N. Street Ry. Co., 211 Mass. 277. This disposes of the further argument that the defect was cured by the amendment. There can be no amendment where there is nothing to amend. In any event, an amendment the effect of which is to bring in new parties after the running of the statute of limitations will not be permitted: LaBar v. N. Y., S. & W. R. R. Co., 218 Pa. 261; Coyne v. Lakeside Elec. Ry. Co., 227 Pa. 496; Girardi v. Laquin Lumber Co., 232 Pa. 1. No proceedings were taken against defendants until after the expiration of the year provided for by the statute; it follows that the action is barred". See also Grant v. Carpenters' District Council of Pittsburgh and Vicinity, 322 Pa. 62 (1936); Arnold v. Stambaugh, 73 D. & C. 459 (1949).

At the direction of the auditing judge, notice was given, by letter dated December 6, 1965, to Samuel Lee Glantz, Esq., attorney for plaintiffs in the trespass action, informing him of the audit to be held on December 14th. Neither Mr. Glantz nor his clients appeared at the audit. Accordingly, the claim is disallowed for failure of prosecution. However, even if Mr. Glantz had appeared and had presented a claim upon this judgment, it would not have been admittted, as a study of the record of the proceedings in the county court clearly reveals that this judgment is void on its face . . .

And now, December 22, 1965, the account is confirmed nisi.