## Hurst *against* Fisher.

The death of a plaintiff before suit brought, may be taken advantage of by a plea in abatement, or in bar; and if a judgment in such case be inadvertently rendered, it will be reversed on a writ of error *coram nobis*.

ERROR to the Common Pleas of *Dauphin* county.

William Hurst, for the use of Joseph Reed, against George Fisher.

It appeared that this suit was instituted on the 4th of November 1828, a narr. filed on the 5th of said month, and an appearance entered on the 26th of January 1829; that a judgment was entered for the want of an affidavit of defence, and on the same day a rule was granted to show cause why it should not be opened; and on the 19th of October 1829, the rule was made absolute and the judgment opened. On the 22d of October 1829, this entry was made upon the record: " Death of William Hurst suggested, and that he died before suit brought." After this the cause was suffered to rest in that situation until the 3d of September 1839, when a rule was granted upon the defendant to plead in four weeks or judgment, which was served on the defendant's counsel, who, on the 5th of September 1839, filed a plea of abatement in due form, alleging therein that the said William Hurst died before the suit was brought. On the 2d of October 1839, a plea in bar, in form cautionary, was filed, and on the hearing of this argument a deposition of Edward Hurst, the nephew of the plaintiff, was read, clearly proving that the said William Hurst died in the autumn of 1820. This fact was not denied by the counsel of the plaintiff; and the question was, can the plea in abatement be sustained in law?

PARSONS, President.—This is a dilatory plea, and all the elementary writers on pleading concur in saying, that pleas of this character are not to be favoured in law. By a reference to all adjudications on this subject, we shall find that the court have uniformly leaned in their decisions against them, but in no case so far, I believe, as to break through the arbitrary rules of pleading; but these ancient land-marks of the law still remain in their undefaced and monumental vigour.

Although by statutory regulations in this state many of the mandatory rules of pleading have been changed, and by our loose system of practice in some measure altered, still the courts feel themselves restrained within the defined boundaries of the common law.

[Hurst v. Fisher.]

Nothing can be more clear than that at law a suit can not be brought in the name of a deceased person; and it is equally well settled that it can, and perhaps ought to be pleaded in abatement. To this plea in abatement it is objected, that it has come too late, and should have been filed at the earliest opportunity, and that it can not be entered, and will not be recognised by the court after one imparlance. As a general principle, according to the English rules of pleading, this is undoubtedly correct, but still it depends very much on the nature and character of the plea.

In order to ascertain whether this objection is well founded, we must recur to the record. On the 22d of October 1829, immediately after the judgment was opened, and as soon as the defendant could take any steps in the cause, the death of the plaintiff is suggested on the record, and that he died before suit was brought. At whose instance this entry was made, we do not know. If it was done by the plaintiff, he communicated to the court on the record, that his action as there brought could not be sustained.

If that entry was made on the request of the defendant, it was in substance, although not in form, a plea in abatement. It stated a fact, which, if true, would go to abate the plaintiff's writ. If it was not, in form, such a plea, it was the business of the plaintiff to have demurred to it specially, and assigned for cause its want of all those perfect attributes which would make it a valid and substantial plea in abatement.

It was a statement of a fact so material, and of such vital importance to his right of recovery, that he was bound to notice it, and either move to have it stricken from the docket, or framed in such a shape as would enable him to reply to it in proper form. But he suffers it to rest for a period of ten years, then asks for a rule to plead, which I take to be in effect to reduce his plea to proper form, which is done by the defendant and is now the subject of argument before us. So that deciding from the face of the record, I can not perceive on what substantial foundation this objection rests.

Nor am I prepared to say but that under the adjudications of the Supreme Court in this state, the plea is not in time. The principles laid down by the learned judge who delivered the opinion of the court in the case of *Sandback* v. *Quigley*, (8 *Watts* 460,) would seem to destroy the position assumed by the plaintiff's counsel in this case.

The time when that plea shall be entertained is a matter within the sound discretion of the court.

No principle is more clear than that suit cannot be brought in the name of a deceased person. It can be pleaded in abatement, or pleaded in bar of the right to recover in that suit.

If pending a writ of error, the plaintiff in error dies, the writ abates, and proper representatives must be placed upon the record before the cause can be proceeded in. But it is said this action

[Hurst v. Fisher.]

is brought for the use of an equitable assignee, therefore there is a real party on the record, and for certain purposes the court will take notice of him.

But had he a legal right to bring this action in his own name, under the facts disclosed? That is not pretended. Could he use the name of a person who had no legal existence when the suit was brought? As well might he use the name of a stranger to the contract. To entitle him to recover, he must show a legal right of action in some one who was in full life when the suit was brought. But this is said in argument to be mere matter of form, and that the real right of recovery of debt or damages is vested in the individual for whose use suit is brought. We think it is not mere form, it is substance; there must be shown a valid subsisting right of action in a legitimate party, who has real existence when the suit is brought, for the point in controversy is between him and the defendant, and to which the person whose use is suggested was never in any way or manner a privy.

But it is also further contended, that the provisions of the Act of the 23d April 1829 (*Purd.* 48–9), give the present plaintiff the authority to continue and conduct this suit in its present form.

Yet it must be borne in mind that the Act was passed nearly six months after the institution of this action, and that it is not retrospective in its operation. It applies only to actions which are commenced after its passage, except when judgments have been already rendered, and nothing in its provisions gives it an application to suits then pending. Herein the court are compelled to decide this cause as the law stood prior to its passage.

That anterior to the making of this law, a suit could not be sustained in the name of a deceased person, although suggested for the use of one in full life, and the real party in interest, is manifest from the fact that such an Act was placed upon our statute books.

If it was a known and recognised principle of the common law, why have an Act of Assembly about it? Why have any codification upon the subject? Surely it is manifest the legislature did not so understand the doctrines of the unwritten law, and in their wisdom deemed it proper to make such a provision.

The learned counsel who have argued this cause on the part of the plaintiff, amid their research and unceasing industry, have not directed the attention of the court to any elementary writer upon this subject, which sustains such a position, nor have they brought to our notice the reported decision of any court, who have given it as their opinion that an action can be sustained in the form in which this seems to have been brought prior to the passage of that Act.

Hence we may fairly infer none could be shown. It is with extreme reluctance this court are compelled to entertain such an opinion on a question of pleading which will deprive the plaintiff

[Hurst v. Fisher.]

of a trial upon the merits of his cause, and after this long delay compel him to bring another suit.

But the established, unbending rules of law control our adjudications—must guide us in the opinions which we form, and drive from our minds those sympathetic feelings for the hardship to a party's cause, which, if granted the least indulgence, would lead us astray and produce error and uncertainty in the administration of justice.

The court therefore order and direct that this writ be abated.

*Rawn* and *M'Clure*, for plaintiff in error, argued that the plea in abatement came too late. 1 *Penn. Prac.* 269; 6 *Serg. & Rawle* 69; 5 *Watts* 374; 2 *Dall.* 184; 5 *Wend.* 72; 5 *Com. Dig. Pleader* D. 1; 1 *Com. Dig.* 90, *Abatement T.*; 2 *Serg. & Rawle* 544.

*J. A. Fisher*, for defendant in error, contended that the death of the plaintiff is a good plea in bar as well as abatement. 1 *Troub. & Hal.* 268; 1 *Bac. Ab. Abatement* 1; 1 *Chit. Pl.* 317, 434, 436; 9 *Watts* 98.

The opinion of the Court was delivered by

Rogers, J.—On the authority of *Sandback* v. *Quigley*, (8 *Watts* 460) and for the reasons assigned by Mr Justice Parsons, the judgment is affirmed. The death of a plaintiff before suit brought, may be pleaded, either in abatement or in bar, because it not only suspends the action, but destroys it altogether. And when a judgment, in favour of or against a dead man, is inadvertently rendered, the party aggrieved may be relieved by writ of error *coram nobis*. Here the suit was brought before the passage of the Act of the 23d of April 1829, and stands unaffected by its emendatory provisions.

Judgment affirmed.