## Wilson Estate *v.* Transportation Insurance Company, Appellant.

Argued April 24, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*James M. Graham,* and with him *Patterson, Crawford, Arensberg & Dunn,* for appellant.

*William F. Knoell* of *Shoemaker & Knoell,* for appellee.

OPINION BY TREXLER, P. J., July 13, 1934:

The sole question before us is, did the court err in discharging defendant's rule to strike off a judgment entered against defendant by default where the record shows the action brought by "John S. Wilson Estate to the use of A. L. Patterson" without naming an executor, administrator or trustee, or averring the plaintiff is a corporation?

The action was brought August 31, 1932. A statement and summons was duly served upon the defendant. On September 23, 1932, judgment was entered against it in default of an answer. On October 19, 1932, a petition was presented and a rule entered to show cause why the judgment should not be opened and the defendant let into a defense, alleging that the defendant's counsel inadvertently failed to enter an appearance, and that it had a defense on the merits. The matter came up for argument on November 5, 1932 and no one appearing for the insurance company, the rule was discharged. On November 23, 1932, a petition was filed again to reinstate the rule alleging that counsel, through inadvertence, was not present when the matter came up for argument, and that the defendant had a defense on the merits. Again a rule was granted and the matter was argued on December 10th and the rule discharged.

On February 28, 1933, a petition was presented setting out the entry of the judgment and the issuing of an attachment and for the first time alleging that there was no natural person, corporation or partner-

ship as plaintiff in the action, and that by reason thereof the said judgment was a nullity. The court en banc discharged the rule and refused to open the judgment.

Had the objection been properly urged at the start, no doubt, the plaintiff would have been barred and the case dismissed. If the defendant desired to avail itself of the want of a proper party plaintiff an affidavit of defense in the nature of a demurrer or a plea of abatement should have been filed. As noted above, it failed to pay any attention on several occasions to the litigation and now, as a last resort, calls the attention of the court to the fact that the plaintiff was not a proper party.

The lower court calls attention to the fact that the policy of insurance, out of which this cause of action arose, was issued by the defendant to the plaintiff, John S. Wilson Estate. The situation is one of defendant's own making, although it might have taken advantage of it if it had acted promptly. It would seem to be an anomaly that it could recognize the Wilson Estate as an entity capable of entering into a contract, but it could not be made a party to an action.

The cases cited by the appellant definitely decide that where the objection is made *in proper time* a suit brought merely in the name of an estate cannot be maintained, and strict logic would lead to the conclusion that such infirmity would persist throughout the case. Where there is a contract, as in this case, and the suit is brought in the name employed in the written instrument, it might be desirable that, even where timely objection is made to the lack of the legal entity of the party plaintiff, an amendment adding the name or names of legal representatives might be allowed. This would be in harmony with the present tendency

of the law to dispense with purely technical objections and to open the way for a trial on the merits.

We quote from the opinion of the lower court: "Under the facts of the instant case the court en banc is of the opinion that to sustain the motion of the defendant would be a gross injustice to the plaintiff. The defendant company issued the policy of insurance, out of which this whole transaction arises, in the name of John S. Wilson Estate. The assignment of the interest of the John S. Wilson Estate in the unearned premium of the policy was duly signed and executed by the executor of the estate of John S. Wilson, deceased, and by the trust company representing the mortgagee mentioned in the policy. No question was ever raised as to whether the plaintiff was the proper party or not until execution was issued, although the case had been before a court en banc at least twice prior to this motion."

Our own case Rome S. & S. Station v. Finch, 111 Pa. Superior Ct. 226, is somewhat parallel to the one we are now considering. There the Rome S. & S. Station, eo nomine, entered into a contract with the defendant and he raised the question, upon a motion to strike off the judgment, that there was nothing to show that "the plaintiff was an individual, corporation or copartnership, officer or thing, and that it had not registered under the Fictitious Name Act." In sustaining the action of the lower court in refusing to strike off the judgment this court made the following comment: "It does not appear that the defendant was deceived in the matter. He knew the contract which he signed was with the person he was doing business."

The order of the lower court is affirmed, the appellant to pay the costs.