## Johnson, Appellant, *v.* Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith.

Argued April 27, 1962. Before BELL, C. J., JONES, COHEN, EAGEN and O'BRIEN, JJ.

*J. J. Kilimnik,* with him *Benjamin Pomerantz,* for appellant.

*Clifford Scott Green,* with him *Austin Norris, A. Leon Higginbotham, Jr.,* and *Norris, Green, Harris & Higginbotham,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, June 28, 1962:

On May 24, 1961, Rose Johnson, the widow of Bishop Sherrod Johnson,[1] instituted an equity action in the Court of Common Pleas No. 3 of Philadelphia County against the Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic

---

[1] During the pendency of this action, i.e., the summer of 1961, Rose Johnson died. At the time of oral argument her death had not been suggested of record and no personal representative had been substituted. We will treat the matter as though such suggestion had been made of record and a personal representative substituted.

Faith, also known as The Churches of the Lord Jesus Christ of the Apostolic Faith (Trustees) seeking: (a) to enjoin the Trustees from conveying certain property located in Philadelphia, Marlton, New Jersey, New York City and elsewhere in the United States; (b) to secure an accounting of all income derived by the Trustees from the said properties; (c) to have a receiver appointed to administer the properties.

The complaint averred: (1) that Rose Johnson is the widow of Bishop Johnson by whom she bore twelve children; (2) that, during his lifetime, Bishop Johnson acquired certain real, personal and mixed property; (3) that Bishop Johnson created the Trustees as an unincorporated body prior to 1948 but in 1948 the Trustees was incorporated; (4) that Bishop Johnson was the "sole proprietor and owner" and was, in fact, the body known as the Trustees, other incorporators of the Trustees being "menial help" in the Bishop's household; (5) that all the property acquired through the use of the Trustees' name was Bishop Johnson's property and that he used the Trustees' name in the acquisition of title to real, personal and mixed property "for the purpose of avoiding his legal responsibility" to his wife; (6) that the true owner of all such property is now the Estate of Bishop Johnson; (7) "that the said Bishop Johnson . . . died on or about February 22, 1961, seized[2] of the property which is in the name of the [Trustees]"; (8) that any conveyance made during his lifetime by Bishop Johnson was without the consent or joinder of his wife and without consideration.

To this complaint the Trustees filed preliminary objections averring, inter alia, lack of jurisdiction of the subject matter in the court of common pleas. The court below concluded that exclusive jurisdiction of the sub-

---

2 Emphasis supplied.

ject matter of the complaint was in the orphans' court and sustained on that ground the Trustees' preliminary objections without prejudice to Rose Johnson's right to proceed in the orphans' court. From that decree this appeal has been taken.

From an examination of the complaint it is most difficult to ascertain with any degree of certainty the exact theory upon which Rose Johnson proceeds. Under one view of the complaint it would appear that Rose Johnson alleges that her late husband had conveyed without consideration certain assets, personal and real, in an attempt to defeat her marital rights. Under another view of the complaint it would appear that she alleges all of these assets were actually owned by her husband at the time of his death and held either in his own name or in the name of the Trustees, the latter being actually a strawman or nominee. Under either view, the orphans' court, not the court of common pleas, has exclusive jurisdiction of the subject matter of the complaint.

If it is Rose Johnson's theory that her late husband during his lifetime had conveyed these assets retaining a power of appointment by will or a power of revocation or consumption over the principal and that such conveyance or conveyances should be treated as a testamentary disposition so far as she is concerned, then clearly the orphans' court has exclusive jurisdiction: Act of April 24, 1947, P. L. 100, §11, 20 PS §301.11.[3]

If it is Rose Johnson's theory that the personal assets referred to in the complaint were actually in the name of her husband or in the name of the Trustees as his nominee at the time of death, then clearly the or-

---

[3] In view of the failure of the complaint to state *when* the conveyances took place, the applicability of the Act of 1947, supra, and the Act of February 17, 1956, P. L. (1955) 1073, §4, 20 PS §301.11 will depend on whether the conveyances took place after the effective dates of either Act.

phans' court has exclusive jurisdiction. Under the Orphans' Court Act of 1951, the orphans' court has exclusive jurisdiction of the adjudication of title to personal property "registered in the name of the decedent or his nominee": Act of August 10, 1951, P. L. 1163, §301(13), 20 PS §2080.301; *Rogan Estate*, 394 Pa. 137, 145 A. 2d 530; *Webb Estate*, 391 Pa. 584, 138 A. 2d 435.

If it is Rose Johnson's theory, as expressly averred in the complaint, that Bishop Johnson died *seized* of the real property, then clearly the orphans' court which has exclusive jurisdiction over the administration and distribution of the real property of the estate of the decedent would be the only appropriate forum: Orphans' Court Act of 1951, supra, §301(1).

Lastly, if it is Rose Johnson's contention that, while actual title to the real estate was in the Trustees' name, the real ownership of such realty was in the estate of the decedent, then an action could not be instituted for the reconveyance of such realty by Rose Johnson or her personal representative but would have to be instituted by the personal representatives of the decedent's estate[4] regardless of the forum in which such action was instituted.

Whatever rights Rose Johnson, as distinguished from the rights of the personal representatives of the decedent's estate, might have must be adjudicated in the Orphans' Court. The provisions of the Orphans' Court Act of 1951, supra, and the rationale of two recent decisions of this Court (*Strassner v. Trainor*, 403 Pa. 602, 170 A. 2d 582; *Stemple v. Carson*, 366 Pa. 392, 77 A. 2d 438) clearly dictate this result.

Decree affirmed. Costs on appellant.

---

[4] Prior to the filing of the instant complaint and after a renunciation of her right to administer by Rose Johnson, letters of administration in Bishop Johnson's estate were issued by the Register of Wills of Philadelphia County to Amos Johnson and William P. Johnson.