**Peterson v. Foden**

*Charles T. McIlhinney,* of *Williams & Glantz,* for plaintiff.

*Harold B. Marcus,* for defendant.

MOUNTENAY, J., February 1, 1973.—On July 9, 1968, plaintiff was injured as the result of an accident involving an automobile operated by one Charles Foden, and on July 9, 1970, plaintiff filed a complaint in trespass naming Charles Foden as defendant. Subsequently, the sheriff made a return indicating that defendant was not served within the 30-day period

and further that "Defendant: Charles Foden is deceased." As a matter of fact, apparently unknown to plaintiff, Foden had died on May 20, 1970. Thereafter, on February 4, 1971, and again, on March 24, 1971, plaintiff reinstated her complaint. Service was then made pursuant to the provisions of Pennsylvania Rule of Civil Procedure 2079(a) by sending copies to the Secretary of the Commonwealth and to "Clarence R. H. Foden, executor of the Estate of Charles Foden, 197 Hunting Hill Avenue, Middletown, Connecticut." Clarence R. H. Foden signed the return receipt for service by certified mail on March 29, 1971.

Preliminary objections in the nature of a motion to dismiss for lack of jurisdiction were filed by Harold B. Marcus, Esquire, describing himself as "attorney for defendant Charles Foden (Dec.)".

An action brought against decedent in his individual name is a nullity: Thompson v. Peck, 320 Pa. 27 (1935). In the Thompson case, suit was started against a named individual who, although plaintiffs were unaware of the fact, was already deceased. After the running of the statute of limitations, the lower court permitted plaintiffs to amend the caption by substituting the executors as parties defendant. In reversing the lower court, the Supreme Court said at page 30:

". . . It is fundamental that an action at law requires a person or entity which has the right to bring the action, and a person or entity against which the action can be maintained. By its very terms, an action at law implies the existence of legal parties; they may be natural or artifical persons, but they must be entities which the law recognizes as competent. A dead man cannot be a party to an action (see Campbell v. Galbreath, 5 Watts 423, 428; Sandback v. Quigley, 8 Watts 460, 463; Patterson v. Brindle, 9

Watts 98, 100; Hurst v. Fisher, 1 W. & S. 438), and any such attempted proceeding is completely void and of no effect: Brooks v. B. & N. Street Ry. Co., 211 Mass. 277. This disposes of the further argument that the defect was cured by the amendment. There can be no amendment where there is nothing to amend . . ."

In Casner v. Fisher, 22 D. & C. 2d 1 (1960), plaintiff, instead of naming a deceased individual as defendant, instituted suit against "Estate of C. J. Fisher," and, as did plaintiff in the instant case, had the process served "upon Margaret S. Fisher, Administratrix of the Estate of C. J. Fisher, defendant." The court held that the suit was a nullity and that service on the personal representative accomplished nothing. At page 6, the court said:

". . . The sheriff's return showing service of the writ of summons in trespass 'upon Margaret S. Fisher, Administratrix of the Estate of C. J. Fisher, defendant', cannot cure the failure to name a legal entity as defendant. Consequently, the service upon the personal representative was void because there could be no service upon the 'estate.' "

As to the effect of service upon the personal representative, see also Jones v. Beale, 217 Pa. 182 (1907).

A similar situation was presented in Ehrhardt v. Costello, 437 Pa. 556 (1970). Unaware that Costello was deceased, plaintiff caused a writ of summons in trespass to be issued against him one week prior to the expiration of the limitation period. Several days after the running of the statute of limitations, the writ was returned "mortuus est." Within two years after the issuance of the writ, a complaint was filed, following which plaintiff secured a rule to show cause why Costello's personal representative should not be sub-

stituted as a party defendant. The lower court refused to grant the compulsory substitution, and on appeal, the Supreme Court, at page 559, observed that (1) while the writ could have been issued at any time within two years and the statute of limitations would thus be tolled for a period of two years from the date of reissuance, the death of Costello precluded and prevented such reissuance against Costello individually; (2) at the time of his death, Costello was not a party to an action instituted by plaintiff and, obviously, could not become a party post-mortem to any action; and (3) the fact that the filing of the praecipe for the writ constituted the "commencement" of an action availed the plaintiff nothing because Costello had predeceased the filing of the writ. See also Stephenson v. Wildasin Estate, 48 D. & C. 2d 684 (1969); Pargas of Tannersville, Inc. v. Case, 46 D. & C. 2d 240 (1969); and opinion filed November 13, 1972, in Mallick v. Middletown Township et al., C.C.P. Bucks County, May term, 1968, no. 4579.

In view of the foregoing, defendant's motion to dismiss for lack of jurisdiction should be granted simply because, the action being a nullity, the court has jurisdiction over nothing and nobody.

Plaintiff apparently recognizes that at common law her cause of action would abate by reason of defendant's death but for section 603 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.603, which permits certain actions to be brought against the personal representative of a decedent. Plaintiff argues that (1) the reinstatement of the complaint (without actually substituting the personal representative as a defendant) coupled with (2) the service thereof upon the personal representative, constituted the commencement of a new action against the

personal representative. The first part of this argument was rejected in Ehrhardt v. Costello, supra, and the second part of the argument was rejected in Casner v. Fisher, supra. Besides, it would seem that this argument is premature because there has been no attempt even yet to substitute the personal representative as the party defendant.

## ORDER

And now, this February 1, 1973, defendant's preliminary objections to plaintiff's complaint are hereby sustained.