389 A.2d 659

**Anthony MARZELLA and Alvera Marzella, his wife, Appellants,**

v.

**Florentine KING and the Estate of George King, Appellees.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided July 12, 1978.

Paul J. Quattrone, Ridgway, for appellants.

Gerald R. Sorg and Anthony B. Trambley, St. Marys, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This is an appeal from the lower court's order granting appellees' motions to dismiss and denying appellants leave to amend their complaint, after the running of the statute of limitations, to name the administrator of an estate as a party. For the reasons stated herein, we affirm.

Our reading of the record discloses the following pertinent facts. On December 22, 1973, Anthony Marzella fell and was injured when he attempted to make a delivery at the George King residence. On December 19, 1975, only days before the applicable statute of limitations would have run,[1] appellants filed a praecipe for a writ of summons in trespass. Also on that date, letters of administration were issued to David A. Whitney as administrator of the estate of George King. Appellants' praecipe, naming Florentine King and the estate of George King as defendants, clearly evidences appellants' knowledge of Mr. King's death. Still, appellants made no effort to revise the praecipe to designate the administrator as a party. On September 21, 1976, a complaint was filed that also named Mrs. King and the estate as defendants. On October 29, 1976, Mrs. King and Mr. Whitney filed preliminary objections to the complaint. Appellees asserted, *inter alia*, that motions to dismiss should be granted because of the complaint's lack of conformity to the law in (1) failing to name the estate's administrator as a defendant, and (2) failing to join a necessary party. Thus alerted, on November 18, 1976, appellants filed a petition requesting permission to amend the caption to include Whitney as administrator.

It is well settled that all actions that survive a decedent must be brought by or against the personal representative. *McGuire v. Erie Lackawanna Railway Co.*, 253 Pa.Super. 531, 385 A.2d 466 (1978); *Lovejoy v. Georgeff*, 224 Pa.Super. 206, 303 A.2d 501 (1973); 20 Pa.C.S. § 3373. Further, a decedent's estate cannot be a party to litigation unless a personal representative exists. *Ehrhardt v. Costello*, 437 Pa. 556, 264 A.2d 620 (1970); *Thompson v. Peck*, 320 Pa. 27, 181 A. 597 (1935). Our research has uncovered numerous cases in which an action had been commenced against a decedent and efforts were subsequently undertaken, after the running of the statute of limitations, to substitute the administrator of the decedent's estate as the

---

1. Appellants had two years after the accident's occurrence to bring an action. Act of March 27, 1713, 1 Sm.L. 76, § 1 (12 P.S. § 31).

proper party. *E. g., Ehrhardt v. Costello, supra; Thompson v. Peck, supra.* For example, in *Thompson v. Peck, supra,* although Peck died on December 3, 1933, he was the named defendant in an action filed on September 20, 1934. On December 22, 1934, Thompson petitioned for leave to amend the caption to name Peck's executors as the proper parties. The petition was granted and on appeal the supreme court reversed, stating:

> "It is fundamental that *an action at law requires a person or entity which has the right to bring the action, and a person or entity against which the action can be maintained.* By its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent. A dead man cannot be a party to an action [citations omitted], and any such attempted proceeding is completely void and of no effect [citation omitted]. This disposes of the further argument that the defect was cured by the amendment. *There can be no amendment where there is nothing to amend.* In any event, an amendment the effect of which is to bring in new parties after the running of the statute of limitations will not be permitted [citations omitted]. No proceedings were taken against defendants until after the expiration of the year provided for by the statute; it follows that the action is barred." 320 Pa. at 30, 181 A. at 598 (emphasis added).

*Lovejoy v. Georgeff, supra,* is a case similar to the instant one. There the plaintiff did not name the decedent as the defendant, but rather made some effort to identify the decedent's estate. We found that where a trespass action was commenced within the statute of limitations against an individual as administrator of an estate, the actual issuance of letters to the named individual after the statute had run would not be held to relate back to the time when the praecipe for the writ's issuance was entered. Although *Lovejoy* came to us in a slightly different posture, it would be totally inconsistent for this court to have penalized Love-

joy, who at least correctly anticipated the naming of the deceased's father as administrator, and now to find in appellants' favor in the instant appeal. *Lovejoy* contrasts with the instant case, because there the plaintiff, in preparing to file suit, had the register of wills notify the deceased's parents that letters of administration had been applied for and direct them to appear and to take some action with regard to the application. The notification to the deceased's parents permitted them time to report to the register of wills beyond the time of the running of the statute of limitations on the plaintiff's action. Letters were in fact issued after suit had been filed and after the statute had run. In the case before us, plaintiffs made no effort to ensure that an administrator would be appointed prior to the running of the statute of limitations on their action.

The most important point of our decision in *Lovejoy* is that a plaintiff in an action against a decedent's estate must take affirmative steps to secure the appointment of an administrator prior to the running of the statute of limitations or his cause of action will be lost. In *Lovejoy*, we commented favorably on an Ohio Supreme Court decision, *Wrinkle v. Trabert*, 174 Ohio St. 233, 188 N.E.2d 587 (1963). There, a plaintiff in a trespass action filed within the applicable statute of limitations for letters of administration. The letters were not granted, however, until after the statute had run. The court did not permit amendment of the caption to name the subsequently appointed administrator as the correct party defendant. The Ohio court declared:

"Plaintiff had immediate knowledge of the death of the decedent and a course of action to pursue. . . . [P]laintiff had the power to secure the appointment of an administrator within the statutory period of limitation. In fact, plaintiff was aware of this but failed, through his own lack of diligence, to perfect the appointment. Plaintiff's failure should not lead to the relaxation of what we think should be the sounder rule in such instances, that is, where one has a claim against an estate, it is incumbent upon him, if no administrator has been appointed, to

procure the appointment of an administrator against whom he can proceed." 174 Ohio St. at 237–38, 188 N.E.2d at 591.

Even if we chose to ignore precedent and to engage in a balancing of the equities involved, we would still affirm the order of the lower court. First, appellants made no effort to secure the appointment of an administrator prior to the running of the statute. Secondly, the sheriff's returns demonstrate that the administrator received no notice of the action or copy of the complaint. When the summons and complaint were filed against the King estate those documents failed to designate a legal, competent entity as defendant. Appellants will not be permitted to substitute a different party after the statute of limitations has already run. *Paulish v. Bakaitis*, 442 Pa. 434, 275 A.2d 318 (1971).

The order of the lower court is affirmed.

JACOBS, President Judge, and CERCONE and VAN der VOORT, JJ., join in this opinion.

HOFFMAN, J., concurs in the result.

SPAETH, J., files a dissenting opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting:

This is an appeal from an order sustaining preliminary objections and dismissing appellants' complaint.[1]

On December 22, 1973, appellant Anthony Marzella was delivering a birthday cake to the residence of George and Florentine King. He tripped and fell on the steps and was injured. On December 19, 1975, appellants filed a praecipe for a writ of summons in trespass, naming as defendants Florentine King and the Estate of George King, who had died in the meantime. The writ was issued on the same day. Also on the same day, letters were issued to David A. Whitney, as Administrator of the Estate of George King.

---

1. This statement is somewhat oversimplified. *See* footnote 2, *infra*.

On September 21, 1976, a complaint was filed; again, Mrs. King and the Estate of George King were named as defendants. Two copies of the complaint were served on Mrs. King.

On October 29, 1976, Mrs. King and Whitney as administrator filed preliminary objections to the complaint. The objections were in four parts: a motion to strike the complaint because of lack of conformity to law in that the complaint failed to name the Administrator of the Estate of George King as a defendant; a motion to dismiss the complaint for failure of service; a motion to dismiss the complaint for failure to join a necessary party, *i. e.*, the administrator; and a motion in the nature of a demurrer, it being alleged that the statute of limitations had run, thereby "destroy[ing]" appellants' cause of action. On November 18, 1976, appellants filed a petition for leave to amend the complaint so as "to include" Whitney as Administrator for the Estate of George King, even though the statute of limitations had run. On January 14, 1977, the lower court entered two orders. One order denied appellants' petition for leave to amend the complaint. The other order disposed of the preliminary objections: the motion to dismiss for failure to serve the complaint and the motion in the nature of a demurrer were denied, but the motions to dismiss because of lack of conformity to law and for failure to join a necessary party were granted. This appeal followed.[2]

The crucial question is whether appellants should have been permitted to amend the complaint to name as a defendant the Administrator of the Estate of George King, even though the statute of limitations had run.

In *Ehrhardt v. Costello*, 437 Pa. 556, 264 A.2d 620 (1970), the Supreme Court held that once the statute of limitations had run there could be no substitution under Pa.R.C.P. 2352 of a personal representative for a defendant who had died

---

2. It is not expressly stated whether appellants are appealing from the lower court's order denying their petition to amend, or from its order granting the preliminary objections, or from both. However, the two orders are, as the lower court observed, interdependent. I shall therefore treat the appeal as from both orders.

before commencement of the suit: "At the time of Costello's death, the action against him had not been 'commenced' and, obviously, he had not been served with any process against him in any action and, therefore, Costello never became a 'party' to a pending action." 437 Pa. at 561, 264 A.2d at 622 (1970). In a similar case, *Thompson v. Peck*, 320 Pa. 27, 181 A. 597 (1935), the Court said:

> It is fundamental that an action at law requires a person or entity which has the right to bring the action, and a person or entity against which the action can be maintained. By its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent. A dead man cannot be a party to an action (see *Campbell v. Galbreath*, 5 Watts 423, 428; *Sandback v. Quigley*, 8 Watts 460, 463; *Patterson v. Brindle*, 9 Watts 98, 100; *Hurst v. Fisher*, 1 Watts & S. 438), and any such attempted proceeding is completely void and of no effect: *Brooks v. Boston & N. Street Ry. Co.*, 211 Mass. 277 [97 N.E. 760]. This disposes of the further argument that the defect was cured by the amendment. *There can be no amendment where there is nothing to amend.* In any event, an amendment, the effect of which is to bring in new parties after the running of the statute of limitations will not be permitted:
> . . .

320 Pa. at 30, 181 A. at 598 (emphasis supplied).

It is clear that in the present case the proper party defendant is the administrator, not the estate. *Johnson v. Trustees of General Assembly of Church of Lord Jesus Christ of Apostolic Faith*, 408 Pa. 31, 182 A.2d 724 (1962), *McGuire v. Erie Lackawanna Railway Co.*, 253 Pa.Super. 531, 385 A.2d 466 (1978). It might therefore be said: that when both the summons and the complaint were filed, there was no defendant "which the law recognizes as competent;" that therefore the "attempted proceeding [was] completely void and of no effect"; and that "[therefore] there can be no amendment [for] . . . . there is nothing to amend." *Thompson v. Peck, supra.*

It will be observed that this syllogism depends upon the assumption that the estate, which was named here as the original defendant, is just as much a nonentity as the dead man: *i. e.*, since an action against a dead man is "completely void", so is an action against an estate. At least one case suggests, however, that this assumption, or equation, is inaccurate. Thus in *Wilson's Estate v. Transportation Insurance Co.*, 113 Pa.Super. 405, 173 A. 722 (1934), it was noted, albeit in dictum, that

> [w]here there is a contract, as in this case, and the suit is brought in the name employed in the written instrument, it might be desirable that, even where timely objection is made to the lack of the legal entity of the party plaintiff, an amendment adding the name or names of legal representatives might be allowed. This would be in harmony with the present tendency of the law to dispense with purely technical objections . . . .

113 Pa.Super. at 407–08, 173 A. at 723.

In deciding whether the objection to the amendment of the complaint here was "purely technical", it is helpful to examine the decision in *Powell v. Sutliff*, 410 Pa. 436, 189 A.2d 864 (1963). There, in stating the test to be applied, the Court said:

> [W]hether "the right party was sued but under a wrong designation"—in which event the amendment was permissible—or whether "a wrong party was sued and the amendment was designed to substitute another and distinct party"—in which event the amendment was not permissible.

410 Pa. at 438, 189 A.2d at 865.

Applying this test to the facts before it, the Court permitted amendment. The plaintiff had sued the defendant under the designation of a partnership, but petitioned to amend the complaint when it was later discovered that the defendant was a corporation. Distinguishing cases where amendment to substitute a new party was properly not permitted—such as substitution of an individual for a corporation, or of a defendant in an individual capacity for the same defendant in a representative capacity—the Court held:

Here, the original complaint sought to impose liability against the assets of the business entity known as Sutliff Chevrolet Company. As in *Gozdonovic* [*v. Pleasant Hills Realty Co.,* 357 Pa. 23, 53 A.2d 73 (1947)], the proposed amendment merely seeks to correct the designation of that business entity, in this case from a partnership to a corporation. Since the assets subject to liability will not be enlarged, the court below erred in not permitting the amendment.

410 Pa. at 438–39, 189 A.2d at 865 (footnotes omitted). *Accord: Paulish v. Bakaitis,* 442 Pa. 434, 275 A.2d 318 (1971).[3]

After consideration of these several, perhaps not entirely harmonious, authorities I have concluded that appellants' petition to amend the complaint should have been allowed. Granted that an action against a dead man may be characterized as "completely void"; it does not follow that an action against the dead man's estate is equally "void" (can there be degrees of "voidness"?). If one looks beneath such labels as "completely void", one will see that changing the defendant from an estate to the administrator of the estate is little more than a change from the "wrong" to the "right" name, for in no way does the change enlarge the assets subject to liability.

The majority's reliance on *Lovejoy v. Georgeff,* 224 Pa.Super. 206, 303 A.2d 501 (1973), seems to me mistaken. There, a tort action was brought against an estate through its "administrator"; however, the administrator had not yet been appointed and was not appointed until after the statute ran; no amendment was allowed. The majority ignores the distinctions that emerge by comparing *Lovejoy* with *McGuire v. Erie Lackawanna Railway Co.,* 253 Pa.Super.

**3.** Appellants rely on *Waugh v. Steelton Taxicab Company,* 371 Pa. 436, 89 A.2d 527 (1952). While there amendment was allowed, it is clear that the Court regarded the case as exceptional. Thus in *Powell* the Court said: "[i]n that case [*Waugh*], however, we were concerned that the plaintiff's error in pleading might have resulted from deception on the part of the defendant." 410 Pa. at 439, n. 6, 189 A.2d at 865.

531, 385 A.2d 466 (1978) (upon which the majority also relies), and the present case. In *McGuire*, the correct party for all practical purposes both existed and was named as a party under the correct designation before the statute ran (the administrator/plaintiff had only to post nominal bond in order to get the letters of administration; his appointment was a foregone conclusion); here, an administrator of the estate *had been appointed* when the statute ran; thus the correct party existed when the statute ran, but had been named under the wrong designation—a deficiency covered by *Powell v. Sutliff, supra.* However, in *Lovejoy*, as is discussed in *McGuire*, the correct party *did not exist* at the time the statute ran; the administrator had not yet been appointed; and the appointment, unlike the appointment in *McGuire*, was not a foregone conclusion.

Accordingly, the orders of the lower court should be reversed, and the case remanded with instructions that appellants be permitted to amend their complaint.