## Flam v. Smith

*Ronald J. DiGiorno,* for plaintiffs.
*Layden C. Sadecky,* for defendant.

KUNSELMAN, *J.,* October 19, 1984—Defendant's preliminary objections and plaintiffs' complaint raise somewhat unusual and interesting legal questions. Plaintiffs, Morris S. Flam and Hannah R. Flam (hereinafter Flam) and Louis Rosenberg Auto Parts, Inc. (hereinafter Rosenberg), filed their complaint in trespass against defendant on January 22, 1981. The suit stems from a transaction which involved the sale of land and the construction of a building thereon.

Rosenberg is in the business of selling used vehicle parts to the public. It conducted its business on property in Beaver Falls which was condemned by the Big Beaver Falls Area School District in December 1974. Around that time, Rosenberg hired architects Wallover and Mitchell to design and assist in the construction of a new building for use as

its office and plant. Wallover and Mitchell designed a building to contain 22,000 square feet including two bays to be used to strip parts from used vehicles and to be constructed on a parcel of land in Darlington Township.

Because bids to construct the building exceeded Rosenberg's budget and because the land in Darlington Township was not suitable, it apparently abandoned that project in April 1975. At about the same time, defendant advised Rosenberg that he and his wife owned a parcel of land in Chippewa Township which was suitable and that they would sell the land to plaintiffs if plaintiffs awarded the contract to construct the building to defendant. Plaintiffs then requested Wallover and Mitchell to design a building with only one bay but in such a way that a second bay could be added at a later date.

At the request of Wallover and Mitchell, defendant prepared a site plan of the redesigned building on the land in Chippewa Township. This was done sometime subsequent to April 24, 1975. On June 17, 1975, Flam entered into a contract with defendant for the construction of the redesigned building. While plaintiffs' complaint incorporates the contract as Exhibit A, a copy of the contract was not attached to the complaint as an exhibit. On June 18, 1975, Flam entered into an agreement with defendant and his wife to purchase the land in Chippewa Township upon which the building was to be constructed. The complaint incorporates this agreement as Exhibit B but it likewise is not attached to the complaint as an exhibit. Sometime later, Flam assigned all their right, title and interest in the agreement of sale of the land to the Beaver Falls Industrial Development Authority.

On October 3, 1975, the Beaver Falls Industrial Development Authority purchased the land from

defendant and his wife. The complaint incorporates the deed as Exhibit C but it too is not attached as an exhibit. On November 25, 1975, a number of transactions took place:

1. The Beaver Falls Industrial Development Authority leased the property to Flam with an option to purchase. (The lease is not attached to the complaint although it is incorporated as Exhibit D.)

2. Flam subleased the property to Rosenberg. (The lease is not attached to the complaint although it is incorporated as Exhibit E.)

3. Flam assigned all their right, title and interest in the construction contract with defendant to the Beaver Falls Industrial Development Authority (the assignment is not attached to the complaint although it is incorporated as Exhibit F).

4. Tower Federal Savings & Loan Association entered into a Construction Loan Agreement with the Beaver Falls Industrial Development Authority to finance the construction of the building. (The agreement is not attached to the complaint although it is incorporated as Exhibit G.)

Construction of the building began sometime after November 25, 1975. However, in March 1976, plaintiffs learned that Pennsylvania Power Company owned a right-of-way along the northerly border of the property, 100 feet in width. A portion of the building was located within 21 feet from the center line of the right-of-way. As a result of negotiations, Pennsylvania Power Company agreed to convey by quit claim deed, a portion of the right-of-way for the consideration of $1,100. On June 30, 1978, Pennsylvania Power Company gave the Quit Claim Deed to the Beaver Falls Industrial Development Authority and on September 1, 1978, Flam paid the consideration to the power company.

Neither the agreement nor the quit claim deed are attached to the complaint although they are incorporated as Exhibits H and I respectively. The complaint alleges that, under the terms of the agreement, no additional structure may be constructed on that portion of the building that is presently within 50 feet of the center line of the right-of-way.

In Count I, captioned "Morris S. Flam and Hannah R. Flam, his wife v. Charles W. Smith, t/d/b/a C.W. Smith Contracting," Flam seeks to recover the money paid to Pennsylvania Power Company. In Count II, captioned "Louis Rosenberg Auto Parts, Inc. vs. Wallover and Mitchell, Inc.," Rosenberg seeks to recover damages for loss of income resulting from its inability to expand its operations by including a second bay.

In support of their right of recovery, plaintiffs allege specific acts of negligence. The acts of negligence complained of fall into four categories:

1. In Paragraph 25 (A), (B) and (H), plaintiffs complain that defendant failed to advise plaintiffs of the existence of the right-of-way, either directly or by providing a survey which failed to disclose it.

2. In Paragraph 25 (C) and (D), plaintiffs complain that defendant failed to obtain a survey prior to preparing the site plan and failed to advise plaintiffs to obtain a survey from a registered surveyor.

3. In Paragraph 25 (E), (F) and (G), plaintiffs complain that defendant failed to determine the extent, size and scope of the right-of-way before preparing the site plan; failed to prepare the site plan in such a way that the building could be erected on the property with room for expansion; and failed to take the right-of-way into account in preparing the site plan.

4. In Paragraph 25 I, plaintiffs complain that defendant failed to advise plaintiffs that the land was inadequate for the building and that the addition of a second bay was not possible. Subparagraph (J) contains a general allegation that defendant failed to otherwise use due care under the circumstances.

Defendant's preliminary objections raise four questions. First, defendant has demurred, alleging that plaintiffs have failed to state a cause of action upon which relief can be granted. Second, defendant raises a question as to plaintiffs' lack of capacity to sue or to join a necessary party, alleging that plaintiffs' rights were assigned to the Beaver Falls Industrial Development Authority which is the owner of the property. Third, defendant raises a question of jurisdiction, alleging that the construction contract contained a clause requiring all disputes to be subject to arbitration. Fourth, defendant raises the statute of limitations as a defense.

## THE DEMURRER

Of course no negligence claim can be based upon facts upon which the law does not impose a duty upon defendant and in favor of plaintiff. Boyce v. U.S. Steel Corporation, 446 Pa. 226, 285 A.2d 459 (1971). Therefore, in order to rule on the demurrer we must determine whether or not plaintiffs have alleged such a duty or whether or not any such duty exists.

Counsel for plaintiffs has not provided us with any authority which would impose a duty upon defendant to advise plaintiffs as to the existence of the right-of-way. Our independent research has failed to disclose any such authority absent fraud which plaintiffs do not allege. To the contrary, the cases hold that the purchasers' duty is to examine the title to the property. He is therefore put on notice as to all

recorded liens and encumbrances and must point out to the seller what liens or defects he demands removed at or prior to closing. If he fails to do so and the transaction has been completed, the grantee may recover but he is limited to the warranties made in the deed. See Wood v. Evanitzsky, 369 Pa. 123, 85 A.2d 24 (1951) and Leh v. Burke, 231 Pa. Super. 98, 331 A.2d 755 (1974).

We conclude therefore that Paragraphs 25 (A), (B) and (H) of plaintiffs' complaint do not state a cause of action for negligence. Ordinarily we would give plaintiffs an opportunity to amend to allege a cause of action for breach of warranty. However, since the deed conveyed the property to the Beaver Falls Industrial Development Authority as assignee of the agreement of sale, any warranties made by defendant would run to the authority and not to plaintiffs.

Nor are we convinced that a cause of action for negligence exists on the basis that defendant failed to obtain a survey before preparing the site plan or that he failed to advise plaintiffs to obtain a survey. Once again counsel for plaintiffs has not provided us with any authority imposing a duty to obtain a survey or to advise a buyer to obtain a survey upon a seller and our independent research has not disclosed any such authority. Moreover, it has been the custom in Beaver County that, unless the agreement of sale obligates the seller to provide a survey, the buyer must do so if one is needed or wanted.

Plaintiffs argue in their brief that the issue is not merely who had the duty to provide a survey. Rather the issue is defendant's liability for securing and submitting an incorrect survey which did not disclose the right-of-way and which was reasonably relied upon by plaintiffs. We are not persuaded by this argument. First of all, defendant did not provide a

survey. He provided a site plan. There is a substantial difference between the two. A survey establishes the boundaries of the property and frequently shows the location of roadways, lanes, rights-of-way and the like. A site plan merely indicates the location of a building on the property — a "staking out" as it were. Secondly, we believe that the rule in Wood v. Evanitzsky, supra, and Leh v. Burke, supra, applies here as well.

We reach the same conclusion with respect to plaintiffs' complaints that defendant failed to determine the extent, size and scope of the right-of-way before preparing the site plan (Paragraph 25 (E)) and that defendant failed to take the right-of-way into account in preparing the site plan (Paragraph 25 (G)). However, we do not reach the same conclusion with respect to plaintiffs' complaint that defendant failed to prepare the site plan in such a way that the building could be erected on the property with room for expansion (Paragraph 25 (F)). Plaintiffs' complaint also alleges that defendant knew about the right-of-way and knew about plaintiffs' intention to add a second bay. Therefore, we conclude that if he knew about the right-of-way and plaintiffs' intention and undertook to prepare a site plan, he had the duty as the contractor, to locate the building on the property in such a way so as to permit the addition of the second bay without its infringement upon the right-of-way.

The problem for plaintiffs is the question as to whom this duty is owed. Since the construction contract was assigned to the authority which is also the owner of the property, we conclude that the duty is owed to the authority. Ordinarily we would allow an amendment to substitute the authority as plaintiff. However, an amendment to substitute a

different party or bring in new parties is not permitted after the Statute of Limitations has run. Marzella v. King, 256 Pa. Super. 179, 389 A.2d 659 (1978); Thompson v. Peck, 320 Pa. 27, 181 Atl. 597 (1935).

In this case the negligent act complained of occurred on or about April 24, 1975 when defendant prepared the site plan. The applicable limitation period is contained in 42 Pa.C.S. §5527 (6) since such an action is neither subject to another limitation specified in the subchapter nor excluded from a period of limitation by section 5531. Thus, the limitation period is six years which expired in April 1981. The limitations period having expired, the authority cannot now be substituted or brought in as a party plaintiff.

The same rationale applies to plaintiffs' complaint that defendant failed to advise them that the land was inadequate for the building and that the addition of the second bay was not possible. If such a duty existed, the duty was owed to the authority and the authority cannot now be brought in as a party because the limitation period has expired.

Thus, the demurrer to Count I will be sustained for the foregoing reasons. There is an additional reason why the Demurrer to Count II will be sustained. As hereinabove mentioned, Count II is against Wallover and Mitchell, Inc. which is not even a party to this action. There being no cause of action set out in Count II against defendant, it should be dismissed.

Having reached the foregoing conclusion concerning the demurrer, it is unnecessary to rule on the remaining preliminary objections. An appropriate order will be entered.

## ORDER

And now, this October 19, 1984, defendant's demurrer is sustained and plaintiffs' complaint is dismissed.