## DeSimone v. Bandarsky Estate

*Richard A. Weisbord,* for plaintiff.
*Glenn D. Hains,* for defendants.

BIEHN, *J.,* November 20, 1986 — Plaintiff has appealed to the Superior Court from our order dated September 29, 1986, sustaining defendants' preliminary objections and dismissing plaintiff's complaint.

The instant case arose as a result of an automobile accident on January 27, 1984, in which plaintiff, defendant Elizabeth Spahr and defendant Herman Bandarsky were involved. According to plaintiff's complaint, Herman Bandarsky died at some time after the accident. Consequently, plaintiff brought suit against Spahr and the estate of Herman Bandarsky and Mildred Bandarsky, as personal representative of the estate of Herman Bandarsky.

Preliminary objections were filed by the estate of Herman Bandarsky and Mildred Bandarsky alleging that no estate was raised for Herman Bandarsky and therefore, service on the estate or on Mildred Bandarsky as personal representative was improper. A copy of the death certificate shows that Herman Bandarsky died on August 8, 1984. A praecipe for a writ of summons was filed on January 21, 1986, and plaintiff's complaint was filed on August 20, 1986.

In his reply to the preliminary objections, plaintiff admits that no estate has been raised for Herman Bandarsky. Plaintiff alleges, however, that he had no knowledge of the death of Herman Bandarsky and that counsel for plaintiff learned of the death at or shortly before the time that the writ of summons was filed. It is plaintiff's position that had he sought to set up an estate for Herman Bandarsky, he would have had insufficient time to do so prior to the run-

ning of the applicable statute of limitations. Plaintiff requested leave to amend his complaint and to make a partial transfer of the action to the register of wills to have a personal representative appointed.

A review of case law in this area clearly showed that plaintiff's position could not be sustained. "It is well settled that all actions that survive a decedent must be brought by or against the personal representative." *Marzella v. King*, 256 Pa. Super. 179, 181, 389 A.2d 659 (1978). "Further, a decedent's estate cannot be a party to litigation unless a personal representative exists." Id.

In *Marzella*, the Superior Court, citing *Thompson v. Peck*, 320 Pa. 27, 30, 181 A.2d 597 (1935), stated:

"It is fundamental that *an action at law requires a person or entity which has the right to bring the action, and a person or entity against which the action can be maintained.* By its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent. A dead man cannot be a party to an action (citations omitted), and any such attempted proceeding is completely void and of no effect. (citation omitted). This disposes of the further argument that the defect was cured by the amendment. *There can be no amendment where there is nothing to amend.* In any event, an amendment the effect of which is to bring in new parties after the running of the statute of limitations will not be permitted. . . ." (citations omitted). *Marzella*, supra at 182.

The court in *Marzella* then went on to discuss other cases similar in nature to the one before it and stated the following:

"The most important point of our decision in *Lovejoy* [*Lovejoy v. Georgeff*, 224 Pa. Super. 206,

303 A.2d 501 (1973)] is that a plaintiff in an action against a decedent's estate must take affirmative steps to secure the appointment of an administrator prior to the running of the statute of limitations or his cause of action will be lost. In *Lovejoy,* we commented favorably on an Ohio Supreme Court decision, *Wrinkle v. Trabert,* 174 Ohio St. 133, 188 N.E.2d 587 (1963). There, a plaintiff in a trespass action filed within the applicable statute of limitations for letters of administration. The letters were not granted, however, until after the statute had run. The court did not permit amendment of the caption to name the subsequently appointed administrator as the correct party defendant. The Ohio court declared:

"Plaintiff had immediate knowledge of the death of the decedent and a course of action to pursue. . . . [P]laintiff had the power to secure the appointment of an adminstrator within the statutory period of limitation. In fact, plaintiff was aware of this but failed, through his own lack of diligence, to perfect the appointment. Plaintiff's failure should not lead to the relaxation of what we think should be the sounder rule in such instances, that is, where one has a claim against an estate, it is incumbent upon him, if no administrator has been appointed, to procure the appointment of an administrator against whom he can proceed." 174 Ohio St. at 237-38, 188 N.E.2d at 591. *Marzella,* supra at 183-184.

In *Marzella,* appellants filed a praecipe for a writ of summons in trespass only days before the applicable statute of limitations would have run. The praecipe named the estate of George King as a defendant. On the same date, letters of administration were issued. Appellants did not revise the praecipe to designate the administrator as a party. Months

later, a complaint was filed which also named the estate as a defendant.

Preliminary objections were filed by the administrator of the estate and Mrs. King, codefendant. The Superior Court affirmed the lower court's order granting appellants' motions to dismiss and denying appellants leave to amend their complaint after the running of the statute of limitations to name the administrator as a party.

The court further stated:

"Even if we chose to ignore precedent and to engage in a balancing of the equities involved, we would still affirm the order of the lower court. First, appellants made no effort to secure the appointment of an administrator prior to the running of the statute. Secondly, the sheriff's returns demonstrate that the administrator received no notice of the action or copy of the complaint. When the summons and complaint were filed against the King estate those documents failed to designate a legal, competent entity as defendant. Appellants will not be permitted to substitute a different party after the statute of limitations has already run." *Marzella,* supra at 184. (citation omitted.)

Despite plaintiff's assertion that the instant case is readily distinguishable from *Marzella,* we find otherwise. It is clear that plaintiff knew of Herman Bandarsky's death because the writ of summons named his estate as a defendant. Yet, plaintiff admits that no estate has been raised. Plaintiff was aware of the situation but failed, without explanation, through his own lack of diligence, to take the necessary action to comply with the rules as set forth in *Marzella.* It was for plaintiff to take affirmative steps to secure the appointment of an administrator before the statute of limitations had run.

Plaintiff contends that his attorney learned of Herman Bandarsky's death at or shortly before the time the writ of summons was filed. Such an assertion, without more, is not enough to distinguish this case from clear precedent. Nor is there any intimation that the fact of Herman Bandarsky's death was deliberately concealed from plaintiff. We cannot accept plaintiff's statement alone, that there was insufficient time for him to act, as an excuse for his total inaction.

Plaintiff further argues that had he not discovered the death of Herman Bandarsky when he did, the doctrine of relation-back would be applicable as was used in *Stephenson v. Wildasin Estate,* 48 D.&C.2d 684 (1969), and cited with approval in *Lovejoy,* supra. According to plaintiff, the holding in *Stephenson* is noteworthy because it establishes the fact that this court is not bound by an intractable rule which makes the present action automatically a nullity. However, the court in *Lovejoy* distinguished *Stephenson* and stated the following:

"The facts of *Stephenson v. Wildasin Estate,* 48 D.&C.2d 684 (1969), are likewise inapposite to those of the present case. In *Stephenson,* an accident occurred on March 21, 1967. Negotiations for settlement were begun. Unknown to plaintiffs, the tortfeasor died on July 15, 1967. On March 17, 1969, plaintiffs filed a complaint against the tortfeasor. On March 20, 1969, the sheriff advised plaintiffs that the tortfeasor had died. The next day, March 21, 1969, plaintiffs filed an application for letters on decedent's estate and issued a summons against defendant, to whom letters of administration were granted April 10, 1969. The last day for suit permitted by the statute of limitations was March 21, 1969. On these facts, the court held that

the granting of letters of administration to defendant related back to the date on which plaintiffs had applied for appointment of an administrator.

It is immediately apparent that the equities in the *Stephenson* case were all with plaintiffs. Although they had been in negotiation with whoever represented the tortfeasor, they were never informed of his death. Such lack of disclosure led them to start suit against a dead man four days before the statutory period expired. It was only because of the sheriff's diligence that they found out about the death in time to attempt to raise administration. Such equities do not exist in this case. Here, appellants knew of the tortfeasor's death the day after the accident, knew what they had to do to raise administration, and slept on their rights until a few days before the two-year statutory period was to expire." *Lovejoy,* supra at 211-212.

We do not find that the doctrine of relation-back nor the holding in *Stephenson* aids plaintiff in any way. Clearly, the equities are not with plaintiff here. Plaintiff did know of Herman Bandarsky's death at the time the praecipe for the writ of summons was filed. However, plaintiff made no attempt to have the letters of administration issued. Plaintiff took no step whatsoever before the statute of limitations had run which could trigger the relation-back theory or demonstrate his diligence to comply with the law. As in *Marzella,* plaintiff has failed to designate a legal, competent entity as defendant and will not be permitted to substitute a different party after the statute of limitations has already run.

Accordingly, defendants' preliminary objections were sustained and plaintiff's complaint dismissed.