**Norguard Insurance v. Classy II Inc.**

C.P. of Columbia County, no. 120 of 2005.

*Frederick I. Weinberg,* for plaintiff.
*Robert J. Menapace,* for defendant.

JAMES JR., *J.,* May 11, 2005—Plaintiffs (Norguard Insurance, individually and as subrogee on behalf of K Cab Company) filed a complaint on January 31, 2005 (a Monday), alleging a cause of action against defendant arising from an incident occurring on January 30, 2003. Plaintiffs seek reimbursement for medical bills paid to an unnamed employee of K Cab Company as the result of the alleged January 30, 2003 incident. The complaint (paragraph 17) states that "[p]laintiff Norguard Insurance individually and as subrogee on behalf of the plaintiff, K Cab Company, has paid money to the plaintiff for personal injuries in the amount of $4,150.78, for which plaintiff demands remuneration from the defendant." Apparently the complaint is seeking damages for this unnamed employee and reimbursement for medical bills paid by the workers' compensation insurance carrier, Norguard, on behalf of K Cab's injured employee.

Defendant filed preliminary objections in the form of a demurrer.[1] There are two connected issues before this court. The first issue is whether the complaint fails to state a cause of action because the plaintiffs filed the

---

1. The demurrer is denied regarding the statute of limitations issue. The action was filed one day late. However, it was filed on a Monday. The statute grants an extension when the last day to file is a Sunday. 1 Pa.C.S. §1908. However, the statute of limitations precludes the amending of the complaint to substitute parties as discussed in the opinion.

complaint on their own behalf, rather than on behalf of the injured party. If so, the second related issue is whether the plaintiff insurance company may amend the complaint and add a party (the unnamed employee) after the statute of limitations has expired, to reflect its claim that it is proceeding as subrogee of the injured employee.

The first issue is clear. The legislature has created a specific subrogation right in workers' compensation cases:

"Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation.

"Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or

an insurance company on the basis that the injury and disability were not compensable under this Act in the event of an agreement or award for that injury the employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board." 77 P.S. §671.

In *Reliance Insurance Company v. Richmond Machine Company,* 309 Pa. Super. 430, 437-38, 455 A.2d 686, 690 (1983), the Superior Court said:

"Our appellate courts have not hitherto construed section 319 as providing the employer or its insurer with a cause of action against a third party in its own right. We see no reason to do so at this stage, where the legislature has not chosen to do so, where the liability of the alleged third party tort-feasor has not been determined, and where the statute of limitations for personal injury actions has barred an action in trespass against the alleged tort-feasor.

"We therefore hold that section 319 is an exclusive remedy, and that for an employer or its insurer to enforce its subrogation rights, it must proceed in an action brought on behalf of the injured employee in order to determine the liability of the third party to the employee. If such liability is determined, then the employer or its insurer may recover, out of an award to the injured employee, the amount it has paid in workers' compensation benefits."

The caption of our case indicates that the insurance company and employer are bringing this cause of action in their own right. The final paragraph of the complaint

affirms that the insurance company is only seeking reimbursement for medical expenses paid by it for an unnamed employee of K Cab Company. Under *Reliance* and subsequent cases, plaintiffs have no such cause of action. The action must be brought as subrogee of the injured employee. Thus, plaintiffs' claim is untenable and must be dismissed.

However, plaintiffs argue that they should be permitted to amend their complaint citing Pa.R.C.P. 1033:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted."

"Pa.R.C.P. 1033 allows parties to correct the name of a party at any time either with the consent of the adverse party or by leave of court. . . . However, an amendment to a pleading that adds a new and distinct party once the statute of limitations has expired is not permitted." *Tork-Hiis v. Commonwealth,* 558 Pa. 170, 175, 735 A.2d 1256, 1258 (1999). "Although Pa.R.C.P. 1033 permits amendments to the caption at any time, changes effected subsequent to the running of the statute of limitations are restricted to minor rectifications, not substitution of parties." *Fredericks v. Sophocles,* 831 A.2d 147, 150 (Pa. Super. 2003).

The case at bar involves a derivative action. Plaintiffs' claim derives from the actual claim of the unnamed

employee. See *e.g., Bell v. Slezak,* 571 Pa. 333, 347, 812 A.2d 566, 574 (2002). Likewise, wrongful death actions and survival actions are derivative actions and must be brought by the personal representative on behalf of the decedent's estate. See *Tyree v. City of Pittsburgh,* 669 A.2d 487, 492 (Pa. Commw. 1995).

In one such derivative survival action brought by an estate lacking a personal representative, the Superior Court stated that a "decedent's estate cannot be a party to litigation unless a personal representative exists. . . . Stated differently, all actions that survive a decedent must be brought by or against the personal representative of the decedent's estate." *Prevish v. Northwest Medical Center—Oil City Campus,* 692 A.2d 192, 200 (Pa. Super. 1997). (citations omitted)

"It is fundamental that an action at law requires a person or entity which has the right to bring the action, and a person or entity against which the action can be maintained. By its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent. A dead man cannot be a party to an action, and any such attempted proceeding is completely void and of no effect. This disposes of the further argument that the defect [can be] cured by [an] amendment. There can be no amendment where there is nothing to amend. In any event, an amendment the effect of which is to bring in new parties after the running of the statutes of limitations will not be permitted." *Id.,* 692 A.2d at 200-201, citing *Thompson v. Peck,* 320 Pa. 27, 30, 181 A. 597, 598 (1935) (citations omitted), quoted in *Marzella v. King,* 256 Pa. Super. 179, 182, 389 A.2d 659, 661 (1978).

"As with a dead man, so with an estate lacking a personal representative: an action brought by or against such an estate is void, and a subsequent attempt to 'amend' the caption to specify the correct party is in fact the addition of a new party, which addition will not be permitted after the statute of limitations has expired." *Id.,* 692 A.2d at 201, citing *Marzella, supra.*

In the case at bar, the subrogor is the employer, not the unnamed employee. Such an action is not recognized at law. It does not exist. To now amend the complaint and add the proper parties is not permitted after the statute of limitations has expired. Thus, the demurrer must be sustained, the request for amendment denied, and the action dismissed.

## ORDER

And now, May 11, 2005, defendant's demurrer is granted. Plaintiffs' request to amend the caption is denied. The complaint is dismissed.